UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANKIE MANUEL MIRANDA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2:18-CV-1241RSL<br>(16-CR-0186RSL)<br><br>ORDER GRANTING EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE |

This matter comes before the Court on petitioner Frankie Manuel Miranda's motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. #1.

On February 22, 2017, petitioner pled guilty to two counts of being a felon in possession of a firearm and one count of possession of a firearm in furtherance of a drug trafficking crime. See United States of America v. Frankie Manuel Miranda, Case No. 2:16-CR-0186-RSL (W.D. Wash.) ("CR") at Dkt. #46. In his plea agreement, petitioner waived his right to appeal. Id. at ¶ 14. On May 19, 2017, petitioner was sentenced to ten years. CR at Dkt. #78. He alleges that he asked defense counsel to file an appeal after sentencing. Dkt. #1 at 17. No appeal was filed, and defense counsel stated in a letter to petitioner on August 3, 2018 that neither he nor anyone in his office was ever asked to file an appeal. Ex. A, Dkt. #1 at 25. On August 23, 2018, petitioner filed this motion. He claims defense counsel was ineffective in failing to file the appeal when asked and requests an evidentiary hearing. Dkt. #1 at 18–19.

ORDER GRANTING EVIDENTIARY HEARING - 1

The government argues that petitioner's motion is time-barred. Generally, a § 2255 motion must be filed within one year from the date on which a judgment becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's sentence became final on June 2, 2017. See Clay v. United States, 537 U.S. 522, 527 (2003); Fed. R. App. P. 4(b)(1)(A)(i). However, the motion may be filed up to one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner claims that he was entitled to file his motion within one year of August 3, 2018, because that was the date on which he learned in the letter from defense counsel that an appeal had not been filed. See Ex. A, Dkt. #1 at 25–26.

Petitioner concedes that he did not ask about the status of the appeal in his previous letter to defense counsel sometime in late 2017. Id. at 27. The due diligence requirement tolls the statute of limitations only until the petitioner could have discovered the facts underlying the collateral attack, not until he actually discovers them. Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)(D)). It is not clear exactly when defense counsel and petitioner corresponded in 2017. However, Petitioner alleges facts that, if true, could amount to ineffective assistance of counsel. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197–99 (9th Cir. 2005). For the sake of completeness, the Court will hold an evidentiary hearing on petitioner's allegations. See 28 U.S.C. § 2255(b).

For the foregoing reasons, petitioner's motion is GRANTED in part. The Court hereby ORDERS that an evidentiary hearing be held. Counsel shall be appointed to represent petitioner in the evidentiary hearing. The Court will contact the parties to schedule this hearing.

DATED this 8th day of February, 2019.

Robert S. Lasnik
United States District Judge

ORDER GRANTING EVIDENTIARY HEARING - 2